THE FIRST NATIONAL BANK OF PLAINFIELD v. JAMES M. DUNN.

The rule which excludes the introduction of parol testimony to vary or contradict a written instrument, binds only parties to the instrument and their privies.

On rule to show cause.

Argued at November Term, 1892, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, DIXON and REED.

For the rule, *Craig A. Marsh.*

*Contra, Richard V. Lindabury.*

The opinion of the court was delivered by

REED, J.    The defendant was an endorser upon a note made by one Jimmerson and held by the plaintiffs.    Upon the trial of the present action, brought against Dunn by the bank, it was set up that the bank had agreed with Jimmerson, the maker of the note, without the consent of Dunn, the endorser, to extend the time of payment of the note.

It appears in the case that the bank had held a large quantity of Jimmerson's paper, and had taken as collateral security a mortgage upon certain real estate which belonged to Jimmerson's wife.    This mortgage was subject to a prior mortgage, which prior mortgage was foreclosed by the mortgagee and the decree of foreclosure was bought in by the bank.

On March 4th the husband and wife made a conveyance of their equity of redemption in the land to the bank for the expressed consideration of $8,000.

On March 5th, 1890, as a part of this transaction, the bank entered into a written agreement with Mrs. Jimmerson.    By this agreement the bank promised to reconvey to Mrs. Jimmerson this land and to sell her all the fixtures, boilers, horses, wagons and other personal property on said premises, excepting the bricks.    This conveyance and sale were to be made if Mrs. Jimmerson should pay to the bank $8,000 on or before the 1st day of May, 1890; but it was stipulated that she was simply to have the privilege or option of so doing, in case she so elected.

It was also stipulated that the husband should sell the bricks on the premises, according to an agreement made in the February preceding; but the balance of the proceeds of said

bricks, after paying debts mentioned in said agreement, and an order of $100, of Charles A. Smith, accepted by William McD. Coriell, and, after paying for such wood as had been used from two hundred cords bought by David Hand, was to belong to Mrs. Jimmerson, whether she paid the $8,000 or not. It was stipulated that, in the meantime, the husband was to have the use of the horses and the personal property, he to pay for their keep and for repairs while using them. It was finally stipulated that the bank would release the husband from all claims and demands upon the payment of the $8,000.

The defence set up in this case, as has been already re-. marked, is that, in addition to these stipulations, there was a verbal agreement entered into during the negotiations by the terms of which the bank was not to sue upon this note until the 1st of May. The question propounded, therefore, is whether this verbal agreement, made contemporaneously with this written contract, is capable of proof.

If Jimmerson, the husband, had been a party to the written agreement, I think that the point made by the defendant's counsel would be indisputable. For the contract would, upon its face, in my judgment, show that it contained everything that the parties intended to include; the subject-matter of the parol agreement could not be regarded as a collateral matter. Parol testimony, therefore, offered to prove its existence would be inadmissible. *Naumberg* v. *Young,* 15 *Vroom* 331.

But the husband did not sign the written agreement, nor did it purport to be made with him. The rule which excludes the introduction of parol testimony to vary or contradict a written instrument binds only parties to the instrument and their privies. *Tayl. Ev.* 1149; *Greenl. Ev.* 279; *Brown Par. Tes.* 31.

In respect to the contention that the verdict should be set aside because not supported by the evidence, it is sufficient to say that we think that the evidence will support it.

Rule discharged.