SINGER MANUFACTURING COMPANY, APPELLEE, v. D. WOLFF & COMPANY, APPELLANT.

Submitted June 10, 1903—Decided November 9, 1903.

An instrument in the form of a lease transferring personal property for a fixed term, reserving a rent with a provision for the return of the property at the end of the term or sooner, upon the failure to comply with the requirements contained therein, is not a contract for the conditional sale of goods and chattels required to be recorded by section 71 of "An act respecting conveyances" (Revision of 1898).

On appeal from the Second District Court of Newark.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the appellant, *I. Faber Goldenhorn.*

For the appellee, *Edwin A. Rayner.*

The opinion of the court was delivered by

GARRETSON, J. This is an appeal from a judgment rendered in favor of the plaintiff in an action of trover brought against the defendants to recover the value of a sewing machine, which had been bought by the defendant at a sale under an execution upon a judgment obtained against one Jennie Barholt, formerly Jennie King.

Jennie King had possession of the machine under the following instrument:

"This certifies that I, Mrs. Jennie King, now residing at No. 60 Plane street, in the city of Newark, State of New Jersey, have rented and received from The Singer Manufacturing Company (whose corporate existence for all purposes is hereby admitted) one Singer sewing machine, style 15-30-50-88 and No. L. 717-410 with apparatus belonging thereto, all in good order and valued at sixty dollars, which I am to use with care, and keep in like good order and for the use of which I agree to pay rent as follows: Thirteen dollars, cash, old machine, twelve dollars on the delivery of this agreement, the receipt whereof is hereby acknowledged, and accepted as payment for the rent of the first month only, and then at the rate of three dollars per month, payable in advance on the 20th day of each month hereafter for 12 months, at its agency in Newark without notice or demand. But if default shall be made in either of said payments, or if I shall sell, or offer to sell, remove or attempt to remove, the said machine from my aforesaid residence without the written consent of said The Singer Manufacturing Company, then and in that case, or at the expiration of the time for which the machine is rented, I will return and deliver the same to

The Singer Mfg. Company, in good order, save reasonable wear and the said company or its agents may resume actual possession thereof; and I hereby authorize and empower the said The Singer Manufacturing Company, or its agents, to enter the premises wherever said machine may be and take and carry the same away, hereby waiving any action for trespass or damages therefor and disclaiming any right to resistance thereto; and also waive all right of homestead and other exemptions, under laws of said state as against this obligation.

"Witness my hand and seal this 20th day of April, 1901.

"MRS. JENNIE KING.    [Seal.]

"Attest: GEO. A. MULQUEEN."

It is claimed by the defendant that this instrument evidences a conditional sale, such as requires the contract to be recorded to make it valid and continue the title in the plaintiff.

The act requiring a contract for a conditional sale of goods and chattels to be recorded was enacted in 1889 (*Pamph. L., p.* 421), and was amended by an act of 1895 (*Pamph. L. p.* 302); both of these acts were repealed by an act entitled "An act to repeal sundry acts respecting conveyances," approved June 14th, 1898 (*Pamph. L., p.* 711), and upon the same day was approved "An act respecting conveyances" (Revision of 1898) (*Pamph. L.* 1898, *p.* 670), by section 71 of which it is provided: "In every contract for the conditional sale of goods and chattels hereafter made which shall be accompanied by an actual delivery and be followed by an actual and continued change of possession of the things contracted to be sold, all conditions and reservations which provide that the ownership of such goods and chattels is to remain in the person so contracting to sell the same or other person than the one so contracting to buy them until said goods and chattels are paid for or until the occurring of any future event or contingency, shall be absolutely void as against certain persons therein mentioned unless recorded as directed in the act."

The contract in question is not such a contract as is referred to in this act—there is no provision that the ownership is to remain in the plaintiff or in anyone whatever until the goods shall be paid for or until the occurring of any future event. It is in terms a lease, and under it the title continues in the plaintiff, and the lessee certifies that she has rented and received a sewing machine and agrees to pay rent for it and in default of the payment of rent, or if she sells or offers to sell, or removes or attempted to remove the machine from her residence without the written consent of the plaintiff, then, and in that case, *"or at the expiration of the time for which the machine is rented,"* she agrees to return and deliver the same to the Singer Manufacturing Company in good order, save reasonable wear, and that the company or its agents may resume actual possession thereof. That she pays in rent for a year the full value of the machine does not at all prove that at the end of the year she is entitled to the machine, for she has expressly agreed to return it at the expiration of the time for which she rented it. Cases cited in which it appears that, upon the payment of the full value of the goods, the title is to be vested in the vendee, although the instruments are called leases and payments of installments, called payments of rents, are not applicable to this case.

The plaintiff is entitled to judgment.