LAUTER & COMPANY, A CORPORATION, v. JOHN O'TOOLE.

Submitted July 8, 1908—Decided November 9, 1908.

The provision of the Conditional Sales act of 1889 (*p.* 421), touching the rights of purchasers in good faith is not affected by section 71 of "An act respecting conveyances" (Revision of 1898), (*Pamph. L., p.* 670), nor is such Conditional Sales act repealed by "An act to repeal sundry acts respecting conveyances" (*Pamph. L.* 1898. *p.* 711), for the reason that in neither case is such object expressed in the title of such later act.

On appeal.

Before Justices GARRISON, SWAYZE and PARKER.

For the appellant, *Clarence Kelsey.*

For the appellee, *Isaac F. Goldenhorn.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff brought its action of replevin in the District Court for a piano it had delivered to a prospective purchaser under a lease and contract that provided that until paid for the piano should remain the property of the vendor, *i. e.,* the plaintiff. This writing was not recorded.

The defendant, O'Toole, was in possession of and claimed title to the piano under a purchase and bill of sale, which was also unrecorded.

The history of the transaction is this: The plaintiff had parted with the possession of the piano to one Morton under the contract above mentioned. Morton had borrowed of O'Toole $55, to secure which he had made a chattel mortgage to one Graney, which Graney had assigned to O'Toole, who had advanced the loan to Morton. Morton, still being in possession of the piano, sold it outright to Jefferson and gave him a bill of sale therefor. O'Toole, the assignee of the chattel mortgage, then bought the piano of Jefferson for $50, and

received with it a bill of sale from Jefferson. Neither of the bills of sale were recorded. This was the situation when suit was brought by the original vendor against the last purchaser. The conflict, therefore, was between a plaintiff who claimed under an unrecorded contract of conditional sale, and a defendant who had possession and claimed under an unrecorded bill of sale. The state of the case establishes that O'Toole had bought without notice of the plaintiff's rights, as also had Jefferson.

The case thus constituted was decided by the court below in favor of the purchaser in possession in accordance with the provisions of the Conditional Sales act of May 9th, 1889 (*Pamph. L., p.* 421; *Gen. Stat., p.* 891), and this was correct unless, as the appellant contends, that statute was repealed by "An act to repeal sundry acts respecting conveyances" (*Pamph. L.* 1898, *p.* 711), or its provisions materially modified by "An act respecting conveyances" (*Pamph. L.* 1898, *p.* 670). Section 21 of the last-mentioned act unquestionably makes express provision for the recording of contracts for the conditional sale of goods and chattels, and section 71 imposes upon purchasers of chattels a new condition that, if valid, radically affects their rights as previously declared in the act of May 9th, 1889, for by the act of 1889 contracts of conditional sale that came within its purview were, unless recorded, void as against subsequent purchasers in good faith, whereas by the act of 1898 such conditional sales, although unrecorded, were good as against subsequent purchasers unless their "deeds shall first have been duly recorded." It is under this last-mentioned provision of the act of 1898 that the appellant claims priority for its unrecorded contract over the appellee's unrecorded bill of sale. This claim, however, cannot be supported. In the first place, there is no provision in the act of 1898 for the recording of bills of sale; in the next place, it is far from clear that in an act respecting conveyances "deeds" can be read to mean "bills of sale;" and in the third place, if it were permissible to treat the word "deeds" as covering every instrument under seal it would not help the appellant, for it so happens that in this case the bill

of sale was not under seal. There is, however, a more far reaching ground upon which the present case must be decided, viz., that "An act respecting conveyances" is not a proper title under which to provide for the recording of contracts for the conditional sale of personal property or under which to alter the existing law respecting the effect of such contracts when unrecorded. Neither is the title "An act to repeal sundry acts respecting conveyances" a proper one under which to repeal "An act requiring contracts for the conditional sale of personal property to be recorded," which is the title of the act of May 9th, 1889.

It seems to us to be too plain for extended argument that contracts of this sort whose sole object and operation is to arrest or impose conditions upon the normal effect of a transfer of the possession of personal property can in no sense be aptly termed "conveyances," even if that term in a legislative title ought not to be limited to real property. This being so the two acts passed in 1898 fail to affect the Conditional Sales act of 1889. That this was the view held by Mr. Justice Collins in respect to estates in expectancy is evident from the opinion delivered by him for the Court of Errors and Appeals in the case of *Bouvier* v. *Baltimore and New York Railway Co.,* 38 *Vroom* 281, 290, in which he says: "An attempt was made in the recent revision of some of our statutes to transfer the provisions of this one to the 'Act respecting conveyances,' * * * but as the repealer of the original act has the similar title * * * we may disregard this attempt * * * and the new title may be deemed to be inadequate."

Apparently what the revisers did was to bring about the re-enactment in 1898, under the title of "An act respecting conveyances," of such statutory provisions as they found already grouped in the compilation of 1895 (General Statutes), under the head of "Conveyances." But there is this radical difference between a compilation and a revision, viz., that while there is no constitutional interdict against the mere collocation of existing statutes under a common head—which is all that a compilation is—there is a positive prohibition against the enactment of any law under a title that does not express its

object. Reaching the conclusion that the title "An act respecting conveyances" does not express any object affecting contracts of conditional sales and that the ancillary repealing act is under the same infirmity, the result is that the rights of the present parties are to be tested by the act of 1889. The present case is therefore within the decision of this court in *Wheeler & Wilson Manufacturing Co.* v. *Brookfield,* 39 *Vroom* 478, delivered by Mr. Justice Dixon. The point thus decided was permitted to go without criticism by the Court of Errors, although the case was there reversed upon another ground by an opinion delivered by Mr. Justice Fort. Justice Dixon's opinion was delivered in November, 1902, that of Justice Fort in June, 1904, and both of these judges had participated in the decision of Bouvier v. Baltimore and New York Railroad Co. in March, 1902, in which Justice Collins' opinion pointing out the inadequacy of the title of the 1898 act has already been quoted.

It is highly improbable, to say the least, that these two capable and experienced judges were both ignorant of the attempted repeal of the Conditional Sales act under this inadequate title. In any event it is clear either that they knew of such attempt and viewed it as Justice Collins had done, or else that the title itself was so deceptive as to mislead them: and it goes without saying that a title that does not suggest the scope of an enactment to men rendered expert by their calling can scarcely be said to be a title that would apprise legislators and the ordinary layman of its object, and this, after all (and with a double meaning), is the common sense rule as to the constitutional adequacy of a legislative title.

The present case coming under the act of 1889, our conclusion coincides with that reached in the court below, whose judgment is in all respects affirmed.