THE LAUTER COMPANY, PLAINTIFF, APPELLANT, v. HER-
BERT ISENREATH AND ADOLPH COHEN, DEFEND-
ANTS, APPELLEES.

Argued November 6, 1908—Decided February 23, 1909.

1. A to whom a piano was delivered by B gave B a certificate that
he, A, had hired from B a piano of the value of $290 for which
A agreed to pay $50 down and to pay the balance in installments
of $7 per month, and that the agreement was to be a hiring con-
tract only until A paid for the instrument in full and B gave
him a receipted bill therefor ; that the instrument was to remain
the property of B, and that upon due payment in full as afore-
said within thirty-four months from date of agreement, B would
sell the instrument to A for the said price and give a receipted
bill therefor. *Held,* that this paper amounted to a conditional
sale of the instrument.
2. Before this agreement was recorded the vendee, although in de-
fault in his payment to the vendor, sold the instrument to a pur-
chaser in good faith. *Held,* that by such sale title passed to the
purchaser, and the condition that the ownership should remain
in the vendor until the instrument was paid for was void under
the statute. *Pamph. L.* 1889, *p.* 421.

On appeal from the Paterson District Court.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff, *John F. Kerr.*

For the defendants, *Moore & Davison.*

The opinion of the court was delivered by

REED, J. This action is to replevy a piano. Isenreath re-
ceived the possession of the piano from the Lauter Company,
and gave a certificate that he had hired it from the Lauter
Company, it being of the value of $290, for which he agreed
to pay $50 on signing this agreement, and to pay the balance
in installments of $7 per month, monthly in advance, or

sooner, at his option. That the agreement was to be a hiring contract only, until he, Isenreath, should pay for the instrument in full, and get a receipted bill therefor, the instrument to remain meanwhile the property of the Lauter Company absolutely.

It was agreed that in case of any default in payment by Isenreath at any time, Lauter Company were at liberty to enter any premises where said instrument might be and take it away as their own property.

This certificate was not filed in the office of the register of deeds for Passaic county until May 28th, 1908, although the paper was executed September 15th, 1906.

The piano, before the filing of the agreement aforesaid, had been sold by Isenreath to one Cohen, but no bill of sale was made to Cohen, and, of course, none filed for record.

The court found that Cohen was a *bona fide* purchaser from Isenreath, and gave judgment for Cohen.

It is insisted that the contract between the Lauter Company and Isenreath was not one for the conditional sale of the piano. In support of this insistence the case of *Singer Manufacturing Co.* v. *Wolff Company,* 41 *Vroom* 127, is cited. But in this case there was a hiring of a sewing machine at a fixed rent, with no clause that upon payment of the value of the machine title should pass to the bailee, nor that a bill of sale should be made to him.

In the present case, as has been stated, there is a provision that, upon the payment of monthly rentals for a period named, the Lauter Company will sell the piano to Isenreath and give a receipted bill for same. There is nothing in the point that the certificate was merely an agreement to sell in the future, if a certain condition is performed by the vendee, and that it is not an agreement for a present sale, title not to pass until the price is paid. The agreement is that a receipted bill shall be given upon full payment by the vendee, meaning that title shall pass upon the performance of that condition, and this constituted a conditional sale. *Hine* v. *Roberts,* 48 *Conn.* 267; *Singer Manufacturing Co.* v. *Cole,* 4 *Lea* 459; *Lucas*

v. *Campbell,* 88 *Ill.* 447 ; *Baldwin* v. *Van Wagner,* 33 *W. Va.* 293.

The transaction being a conditional sale, accompanied by an actual delivery to Isenreath, the condition that the piano should remain the property of the Lauter Company until paid for was void as against a subsequent purchaser in good faith until recorded. *Gen. Stat., p.* 891, § 191.

This certificate, as has been already observed, was not recorded until after Isenreath had sold the piano to' Cohen.

But it is again insisted that under the terms of section 71 of the act of 1898 (*Pamph. L., p.* 670) the unrecorded conditional sale was void only as to a purchaser whose deed shall have been recorded.

This clause in the act of 1898 is dealt with and explained by Mr. Justice Garrison in his opinion in the case of *Lauter & Co.* v. *O'Toole, ante p.* 29, in which case this court decided that the provisions of the Conditional Sale act (*Gen. Stat., p.* 891), touching the right of purchasers in good faith, is not affected by section 71 of the act concerning conveyances (*Pamph. L.* 1898, *p.* 670), and furthermore, that the former act was not repealed by the act to repeal sundry acts respecting conveyances. *Pamph. L.* 1898, *p.* 711.

The judgment in favor of Cohen should be affirmed.