NATIONAL CASH REGISTER COMPANY, APPELLEE, v. MATTHEW DALY, APPELLANT.

Submitted March 18, 1910—Decided June 13, 1910.

An agreement for the possession and ultimate ownership of goods conditioned upon the option of the vendee that the vendor may retain the full cash price deposited with him, is a conditional sale that is void as against a purchaser in good faith unless recorded under *Pamph. L.* 1895, *p.* 302.

On appeal.

Matthew Daly, the appellant, bought from one Wickham a cash register, for the recovery of the possession of which the National Cash Register Company (here the appellee) brought replevin and showed title under a lease to Wickham for nine months for $135, which Wickham was to pay in nine monthly installments, and also to give as security his note for $135 and also to deposit in cash with the appellee $15. At the end of the nine months Wickham was to surrender the register and either get back his $15 deposit or, at his option, purchase the register for the $15 so deposited.

Judgment in the District Court having been given for the plaintiff in replevin, the question on this appeal by Daly is whether the agreement between the appellee and Wickham was in effect a conditional sale and hence void as against Daly because unrecorded.

Before Justices GARRISON, SWAYZE and PARKER.

For the appellant, *Theodore B. Booraem.*

For the appellee, *August C. Streitwolf, Jr.*

The opinion of the court was delivered by

GARRISON, J.   This case differs fundamentally from *Singer Manufacturing Co.* v. *Wolff,* 41 *Vroom* 127, in which there was a renting pure and simple, no purchase contemplated and no purchase price fixed by the writing.   The lessee in that case rented the machine for a term and agreed to give up possession when such term ended, which was a letting and nothing more.   Justice Garretson, in his opinion, places the decision of the court on this ground expressly, saying, however, "cases in which, upon the payment of the full value of the goods, the title is to be vested in the vendee, although the instruments are called leases, and payments of installments are called rents, are not applicable to this case."   The language quoted aptly describes the present case.   The price of the cash register was $150, to be secured by note for $135 and deposit of the remaining $15.   When the note was paid in cash there was in the hands of the vendor in cash the full price, viz., $150, and if the vendee chose to let it stay there he became the owner of the register.   This is a conditional sale, the condition being the election of the vendee to let the vendor keep the agreed price of the goods.   Numerous illustrations of such sales will be found in 6 *Am. & Eng. Encycl. L., notes on pp.* 448, 449.

In regard to the Conditional Sales act that now controls, it is well to note that what Justice Garretson said in Singer Manufacturing Co. *v.* Wolff is modified by the recent case of

*Lauter & Co.* v. *O'Toole,* 48 *Vroom* 29. However, as section 71 of the Conveyancing act is to the same effect as section 1 of the act of 1895, the practical result is the same.

The judgment of the District Court of the city of New Brunswick is reversed, and upon the facts stipulated in that court judgment is given for the appellant, with costs.