### In re O'BRIEN.

(District Court, D. New Jersey. June 3, 1914.)

1. BANKRUPTCY (§ 184*)—PROPERTY HELD UNDER CONDITIONAL SALE CONTRACT—RIGHT TO RECLAIM.

Under the statute of New Jersey which provided that a conditional sale contract or bill of sale shall be absolutely void unless recorded as against judgment creditors of the purchaser, and Bankr. Act July 1, 1898, c. 541, § 47a (2) 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which vests a trustee as to all property coming into the custody of the court with all the rights, remedies, and powers of a judgment cred-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

itor, property in possession of a bankrupt under such an unrecorded conditional sale contract passes to his trustee and cannot be reclaimed by the seller.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

2. BANKRUPTCY (§ 196*)—JUDGMENT LIENS OBTAINED WITHIN FOUR MONTHS' PERIOD.

2 Comp. St. N. J. 1910, p. 2245, § 10, relating to exemptions, which contains a proviso that no property shall be exempt from sale on an execution for its purchase price, does not confer any rights on an unpaid vendor as against other judgment creditors, but only as against the debtor, and a judgment and levy obtained by him within four months prior to the bankruptcy of the purchaser are avoided by the adjudication the same as those of any other creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. § 196.*]

In Bankruptcy. In the matter of John O'Brien, Jr., bankrupt. On petition of the Æolian Company for the reclamation of certain property. Petition denied.

William Newcorn, of Plainfield, N. J., for petitioner.

Walter L. Hetfield, Jr., of Plainfield, N. J., for trustee.

HAIGHT, District Judge. [1] The petitioner claims title to a certain piano and a piano stool, which were taken possession of by the trustee as the property of the bankrupt. The referee has decided adversely to the petitioner's claim. The property in question was delivered by the petitioner to the bankrupt under a conditional bill of sale, which provided that the title should remain in the petitioner until the property had been paid for. At the time of the adjudication only a small amount of the purchase price had been paid. The petitioner had, a few days before the petition in bankruptcy was filed, recovered a judgment against the bankrupt and levied on the property in question. The conditional bill of sale was never recorded. The laws of New Jersey provide that every such instrument, under circumstances such as exist in this case, unless recorded, shall be absolutely void as against judgment creditors of the person contracting to buy (P. L. 1889, p. 421, as amended by P. L. 1895, p. 302). By section 47a (2) of the Bankruptcy Act of 1898, as amended by the Act of June 25, 1910 (36 Stat. at L. 840), trustees, as to the property in the custody of the bankruptcy court, are vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon. As the property in question was in the possession of the bankrupt at the time of the adjudication and was taken by the trustee, it was in the custody of the bankruptcy court. Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157. The effect of the amendment of 1910 is to place the trustee, so far as his right to attack the validity of the instrument in question is concerned, in the same position as a judgment creditor and to invest him with the same rights. As the conditional bill of sale would, under the state law, be void as against a judgment creditor, it is likewise void as against the trustee. It seems unnecessary to cite any authorities in support of this proposition.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Counsel for the petitioner in his brief, and the referee in his certificate, seem to have assumed that the validity of the instrument is governed entirely by section 71 of the New Jersey Act respecting conveyances (Revision of 1898, P. L. 1898, p. 699; 2 Comp. Stats. p. 1561). Under the act of 1889, as amended by the act of 1895, an unrecorded conditional bill of sale is void as against any judgment creditor, whereas under the act of 1898 it is void only as against judgment creditors "not having notice thereof." The difference, however, is immaterial, because the Supreme Court of New Jersey has held that the act of 1889 was not repealed or affected by the act of 1898, and that the former act is still in force. Lauter & Co. v. O'Toole, 77 N. J. Law, 29, 71 Atl. 288; Lauter & Co. v. Isenreath, 77 N. J. Law, 323, 72 Atl. 56. It is further argued that as the petitioner is a judgment creditor, having a lien upon the property in question by virtue of an execution and levy, and as the trustee's rights, so far as avoiding the conditional bill of sale is concerned, are only those of a judgment creditor having a lien, and as the petitioner's lien is prior in point of time to that of the trustee, that its rights are superior to those of the trustee. One of the fallacies of this contention is that, as petitioner's judgment was obtained and levy made within four months prior to the filing of the petition in bankruptcy and while the bankrupt was insolvent, the judgment and levy were null and void and the property attached was released from the same. Bankruptcy Act of 1898, § 67f.

[2] It is also contended that the petitioner's lien is not such as is affected by section 67f of the Bankruptcy Act, as the judgment, execution, and levy merely perfected a valid lien which the petitioner already had, such as was held by the Supreme Court in Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, not to be affected. This contention is based on section 10 of the New Jersey Act concerning executions (2 Comp. Stats. p. 2245). That section provides for an exemption from sale, under execution, of property to the value of $200 of any judgment creditor having a family residing in the state of New Jersey. It contains the following proviso:

"That nothing herein contained shall be deemed or held to protect from sale, under execution or other process, any goods, chattels or property, for the purchase whereof the debt or demand for which the judgment, on which such execution or process was issued, shall have been contracted."

This proviso, the petitioner contends, gave it an inchoate lien upon the property in question which became perfected by the recovery of the judgment and the issuing of the execution. I cannot so construe it. It was not intended to confer any rights on the unpaid vendor, as against other judgment creditors of the vendee. Its application is confined solely to the unpaid vendor and the vendee. Its manifest purpose is to prevent one who has purchased goods and not paid for them from perpetrating a fraud upon the seller. Were it not for this proviso, an unscrupulous person could purchase goods, fail to pay for them, and when sued for the purchase price prevent satisfaction of the judgment by claiming an exemption of the very goods, for the purchase price of which the judgment had been recovered. It was, I think,

to avoid such a possibility that the proviso was inserted in the act in question.

The case cited by counsel for petitioner in support of this latter contention (Neary v. Hinckley, 4 N. J. Law J. 121) not only fails to sustain it, but, as far as I can see, in no way touches it.

The order of the referee will be affirmed.