In re VANDEWATER & CO., Limited.

(District Court, D. New Jersey. January 18, 1915.)

1. SALES ⬡⟶456, 474—CONDITIONAL SALES—VALIDITY—RECORD.
   P. L. N. J. 1898, p. 699 (2 Comp. St. 1910, p. 1561), and P. L. N. J. 1889, p. 421, as amended by P. L. N. J. 1895, p. 302, avoid contracts of conditional sale of personal property, if not recorded.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1327–1331, 1391–1402; Dec. Dig. ⬡⟶456, 474.]

2. BANKRUPTCY ⬡⟶184 — CONDITIONAL SALES — CONTRACT — CONSTRUCTION —LEASE OR CONDITIONAL SALE—RECORD.
   Petitioner leased certain property to a bankrupt for nine months. The bankrupt agreed to pay in installments, during the term, the amount previously fixed in the agreement as the value of the property, and to execute, at the time of paying the first installment, a note for the unpaid balance, the same to be renewed on maturity of the second and third payments. The contract also provided, if the bankrupt should not make default in the payment of the "aforesaid rent," it might, at the end of the term, or sooner, at its option, purchase the goods by paying the valuation named in the contract, when the lessor would execute a bill of sale, in which case the rent previously paid should be deducted from the purchase price; it being understood that the bankrupt could acquire no title to the property until its value had been paid in full and as agreed. *Held*, that such instrument was a conditional sale, and not a lease, and was therefore void as to the bankrupt's judgment creditors and its trustee for want of record required by P. L. N. J. 1898, p. 699 (2 Comp. St. 1910, p. 1561) and P. L. N. J. 1889, p. 421, as amended by P. L. N. J. 1895, p. 302.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. ⬡⟶184.]

In Bankruptcy. In the matter of bankruptcy proceedings of Vandewater & Co., Limited, on proceedings to review an order of the referee denying petition of the Prentiss Tool & Supply Company for reclamation of certain personal property. Affirmed.

Pierre F. Cook, of Jersey City, N. J., for petitioner.
William Harris, of Newark, N. J., for trustee.

HAIGHT, District Judge. [1] The only question to be decided in this matter is whether the agreement, upon which the petitioner bases his claim to the property in question, is within the provisions of either section 71 of the New Jersey act respecting conveyances (P. L. 1898, p. 699; 2 Comp. Stat. p. 1561), or an act passed by the New Jersey Legislature in 1889 (as amended in 1895), entitled "An act requiring contracts for the conditional sale of personal property to be recorded" (P. L. 1889, p. 421; P. L. 1895, p. 302). It was held by the New Jersey Supreme Court in Lauter Co. v. O"Toole, 77 N. J. Law, 29, 71 Atl. 288, and in Lauter Co. v. Isenreath, 77 N. J. Law, 323, 72 Atl. 56, that the act of 1889 was not repealed or affected by the act of 1898. The effect of each of these acts is to invalidate certain contracts for the conditional sale of goods and chattels and to constitute such sales absolute, as against judgment creditors of the person contracting to buy, when the goods and chattels are actually delivered, and there is an actual and continued change

of possession thereof, unless the contracts are recorded as provided in the acts.

[2]· The only difference between the act of 1889 (as amended) and the act of 1898 is that under the provisions of the former the instruments mentioned are void as against *any* judgment creditor, whereas under the latter they are void only as against judgment creditors "not having notice thereof." It has recently been held by this court (In re O'Brien [D. C.] 215 Fed. 129) that any contract which would be void under the act of 1889 (as amended), as against a judgment creditor of a bankrupt is likewise void as against his trustee, if the property mentioned therein has come into the latter's possession. The referee has determined that the instrument in question comes within the provisions of the acts and is void as against the trustee.

Counsel for the petitioner has cited a number of cases in other jurisdictions in support of his contention that the referee's determination is erroneous; but these would be useful only in the event that the New Jersey courts had failed to decide whether agreements such as that in question are within the provisions of the New Jersey statutes. The Supreme Court of New Jersey has, in three cases, had occasion to· determine whether certain contracts were invalidated by these acts, and the decisions necessarily involved a construction of the acts. Such decisions, if applicable, are therefore controlling here.

In Singer Mfg. Co. v. Wolff Co., 70 N. J. Law, 127, 56 Atl. 147, the contract made no provision whatever for the person, who was therein designated as a lessee, acquiring title to the property, but expressly provided that it should be returned at the expiration of the time for which it had been rented. It was held that such a contract was not within the acts. In Lauter Co. v. Isenreath, 77 N. J. Law, 323, 72 Atl. 56, the contract expressly provided that it was a "hiring contract" only, but there was a provision that; upon payment of monthly rentals for a period named, the Lauter Company would sell the property to Isenreath and give a receipted bill for the same. It was held that this constituted a conditional sale, within the meaning of the acts. In National Cash Register Co. v. Daly, 80 N. J. Law, 39, 76· Atl. 325, a cash register was leased for nine months for a certain sum, payable in nine monthly installments. A note was to be given as security, and a certain sum deposited in cash. At the end of the nine months the lessee was to surrender the property, and either get back the deposit or, at his option, purchase the property for the cash deposited. Justice Garrison, in construing the instrument, said:

"When the note was paid in cash there was in the hands of the vendor in cash the full price, viz., $150, and if the vendee chose to let it stay there he became the owner of the register. This is a conditional sale, the condition being the election of the vendee to let the vendor keep the agreed price of the goods."

[2] It thus appears that the New Jersey Supreme Court has determined that agreements by which personal property is leased, and which contain no provision for vesting title in the lessee or bailee, do not come within the provisions of the statutes, but that certain agreements which contain such a provision are within them, even

though title does not automatically vest upon the payment of the purchase price, and the exercise of an option on the part of the vendee is required. It remains to consider, therefore, whether the agreement in the case at bar is in any substantial respect different from those which the New Jersey courts have held to be invalid. The agreement recites the leasing of the property in question for the term of nine months, the lessee agreeing to pay in installments, during the term, the amount which was previously fixed, in the agreement, as the value of the property, and to execute, at the time of the payment of the first installment, a note for the unpaid balance, the same to be renewed upon the second and third payments. It was also provided that, if the bankrupt should not make default in the payment of the "aforesaid rent," it might, at the end of the term, or sooner, at its option, purchase the property by paying the valuation named in the contract therefor, and that the lessor would then execute and deliver a bill of sale, "in which case the rent theretofore paid shall be deducted from the purchase price." Then follows this provision, viz.:

"It is further understood and agreed that the said Vandewater & Co. acquire no title to said property until its value shall have been paid in full and as agreed."

The clear effect of this instrument is that, when the alleged bankrupt had paid, in installments, the valuation of the property as fixed in the agreement, a bill of sale for the same would be delivered (as in Lauter Co. v. Isenreath), if desired, but that no title was to be acquired by the bankrupt until it had paid the purchase price in full, in the manner set forth in the agreement, and exercised its option to purchase (as in the Daly Case). Title was to pass upon the performance of a condition, namely, that the installments should be paid as specified, and that the purchaser should elect to acquire title. It thus appears that there is no substantial difference between this agreement and those which were before the New Jersey Supreme Court in the last-cited cases. I therefore think the instrument in question was a contract for a conditional sale, within the meaning of the New Jersey statutes. It is manifestly different from that in Singer Mfg. Co. v. Wolff Co., supra, because there the lessee was not entitled to the machine, under any circumstances, at the expiration of the term provided for in the lease. The New Jersey statutes are very broad in their scope, and I do not think that the courts should indulge in any subtle distinctions which will defeat their manifest purposes.

My conclusion, therefore, is that the instrument in question is void as to the trustee in bankruptcy. The order of the referee will accordingly be affirmed.