PHILIP RAPOPORT

*v.*

RAPOPORT EXPRESS COMPANY, a corporation.

[Decided May 12th, 1919.]

1. The contract evidenced by an instrument purporting to lease an automobile truck at a monthly rental, and providing that, at the termination of the period, the lessee is to return the machine to the lessor, and that the lessor will then sell the machine to the lessee for a consideration of one dollar, is that of a conditional sale.

2. The court will not tolerate an evasion of the statutes requiring record of chattel mortgages and conditional bills of sales, and will look at the real transaction between the parties notwithstanding the terms of any written instruments.

3. Where conditional bill of sale is invalid as against judgment creditors for lack of record but not against a receiver, creditors who have suits pending at the time of the appointment of the receiver will be permitted to enter judgments and the receiver directed to exercise their rights as judgment creditors.

4. It would seem that the statute now in effect in respect to conditional sales is the act of May 9th, 1889, as amended March 14th, 1895 (*1 Gen. Stat. p. 891*); and not section 71 of the act concerning conveyances (*2 Comp. Stat. p. 1561*).

5. Where all installments have been paid on a lease providing for the rental of an automobile and for the sale of the machine to the lessee at the termination of the lease for one dollar, and the machine in possession of the lessee is taken by an officer at the instance of the lessor, for a claim under the Garage Lien law, and a new lease is then executed,

the aggregate amount of rental being fixed by the amount due the lessor for repairs, &c., on other cars as well as on that leased, and an additional sum arbitrarily added by lessor, and the machine is then released to the lessee, the transaction is really that of chattel mortgage and the instrument not being recorded is void as against a receiver.

6. Must the words "attachment or levy" in section 5 of "An act concerning conditional sales and to make uniform the law relating thereto," passed 1919, to become effective July 4th, 1919, be confined to technical attachment or levy, or may the clause be extended to any lien acquired by operation of law or judicial process including the equitable lien acquired through the appointment of a receiver, *query*.

On bill, &c.

*Messrs. Furst & Furst*, for the receiver.

*Mr. David Bobker*, for the Continental Guaranty Company and Federal Truck Company.

LANE, V. C. (orally).

The case calls for a determination of the nature of a document alleged by claimant to be a lease and by the receiver to be either a conditional bill of sale or a chattel mortgage, and its validity as against the receiver of an insolvent corporation appointed by this court under the statute.

The instrument is, in form, a lease purporting to be made March 22d, 1919, and by its terms the Federal Truck Company leases and demises to Rapoport Express Company a Federal second-hand truck for a period of eight months, the lessee agreeing to pay $1,793 in ten monthly installments. There is a great deal of fine printing in the instrument, almost as much as there is on the standard insurance policy. In this fine printing there is a clause reading as follows:

"The lessee further agrees that at the expiration of the lease he will surrender the said motor vehicle to said lessor in as good condition as when he received it, natural wear excepted; and if, upon surrendering the same, such installments of rental have been fully paid as herein provided, said lessee desires to purchase said motor vehicle, the said lessor agrees to sell the same for the sum of one dollar ($1.00)."

There is a further provision that if any of the rentals remain unpaid, the rights of the lessee in the motor vehicle shall cease and terminate absolutely and the payments made by the lessee shall be forfeited. If the paper is what it purports to be—that is, a lease, I can see no significance whatever in this particular clause. There would be no forfeiture because the lessee would have enjoyed that for which he paid, to wit, the use of the car for the portion of the term of the lease paid for. It is quite apparent that the paper does not evidence a contract of leasing. The real agreement between the parties evidenced by a paper such as this, is that for a certain consideration the one party sells the car to the other, who agrees to pay for it in monthly installments, title to remain in the vendor until the installments have been paid, and then title to vest in the vendee. The insertion of the provision for the renting of the car for the term of the lease, and then for the sale for one dollar, is merely for the purpose of defeating the provisions of the Conditional Bill of Sales act so that there will be no necessity for record. This court will not tolerate any such evasion of the statute. To hold that the paper evidences such a contract as it purports to evidence would be to permit a fraud upon the statute and it might as well be repealed. It is insisted that I am precluded from holding this instrument a conditional bill of sale by the determination of the supreme court in *Singer Manufacturing Co.* v. *Wolff Company, 70 N. J. Law 127.* In that case Mr. Justice Garretson held that an instrument in form a lease, renting a sewing machine for a period of time upon monthly rentals was, in fact, a lease, although the total of the monthly rentals represented the full value of the machine. He based his conclusion upon the written instrument which, in terms, provided that, at the expiration of the time for which the machine was rented, the lessee should return it. There was no provision for sale or a transmission of title. He expressly stated: "Cases cited in which it appears that, upon the payment of the full value of the goods, the title is to be vested in the vendee, although the instruments are called leases and payments of installments called payments of rent, are not applicable to this case." The *Wolff Case,* if it is to be considered as authority, must be confined to

cases in which the facts are identical. The true agreement between the parties, if other than as evidenced by the written paper, did not appear to the court. It was distinguished by the supreme court in *National Cash Register* v. *Daly, 80 N. J. Law 39*, opinion by Mr. Justice Garrison, and by the same court in *Lauter Company* v. *Isenreath, 77 N. J. Law 323*, opinion by Mr. Justice Reed. And see the second definition of a conditional sale contained in section 1 of an act concerning conditional sales and to make uniform the law relating thereto, 1919, effective July 4th, 1919. The provision in the instrument before me for a return of the car after the payment of the rental and a sale for one dollar, palpably, did not express the true contract between the parties, and it would be a mere subterfuge to call the transaction one of leasing. *In re Gaglione & Sons, 28 A. B. R. 694; 200 Fed. Rep. 81*, the court said, and with its language I agree: "To constitute a valid bailment, the intent to return the property must be evidenced by the agreement. Now, if this so appears from the writing, and it is otherwise shown conclusively that it was not so intended, a bailment is not to be presumed." And see *Whitcomb* v. *Woodworth, 54 Vt. 544; 34 Cyc. 658; In re Unitype Company* v. *Long, 16 A. B. R. 285; 143 Fed. Rep. 315.*

It has been held that a conditional bill of sale unrecorded is good as against a receiver. *Falaenau* v. *Reliance Steel Co., 74 N. J. Eq. 325; Smith* v. *Hotel Ritz Co., 74 N. J. Eq. 296; Cumberland Trust Co.* v. *Ayars & Sons Co., 83 N. J. Eq. 479. General Electric Co.* v. *Transit Equipment Co., 57 N. J. Eq. 460*, has been cited as authority for this proposition, but a consideration of the case indicates that what the vice-chancellor (Pitney) held was that, it not appearing that judgment creditors were protected if they become such after the record of the contract, the claim of the receiver, "who can have no higher standing than that of a judgment creditor," was disposed of. The *Falaenau, Cumberland Trust* and *Smith* Cases are, however, directly in point, and I imagine that it must be now considered as settled for this court that a conditional bill of sale is not invalid as against a receiver because of lack of record where there are no judgment creditors.

In view of the fact that the appointment of a receiver prevents creditors from proceeding to obtain judgments, it seems to me that the receiver should be given the rights of a judgment creditor. Such contracts have been held to be invalid as against a trustee in bankruptcy. *In re Franklin Lumber Co., 147 Fed. Rep. 852.* In view of our decisions, it seems to me that a receiver should be given, as are trustees in bankruptcy, the rights and powers of judgment creditors, or with respect to this particular subject-matter, the result may be accomplished by amending the act concerning conditional bills of sale and making such contracts invalid as against creditors, generally. The reasoning underlying the legislation with respect to necessity of record for chattel mortgages, is just as potent in cases of conditional sales.

While I have reached the conclusion that in this case the transaction is that of a chattel mortgage, and hence may be questioned by the receiver, I think that the creditors who have suits pending against the corporation should be permitted to enter judgments (*Brockhurst* v. *Cox, 71 N. J. Eq. 703; affirmed, 72 N. J. Eq. 950*), so that there may be parties to the record who can question the transaction if it be one of conditional sale. The judgment creditors may be directed to exercise their rights for the benefit of the receiver. By virtue of the provisions of section 2 of chapter 208 of the laws of 1919, the court may direct the receiver to exercise the rights of judgment creditors where the judgments have been obtained prior to the appointment of the receiver, and I think power also exists in the court to authorize the receiver to exercise the rights of judgment creditors where the judgments have been entered, by permission of the court, after the appointment of the receiver.

In passing it might be well to note that it would seem that by force of the decision of the supreme Court in *Lauter & Co.* v. *O'Toole, 77 N. J. Law 29,* referred to by the same court in *National Cash Register Co.* v. *Daly, 80 N. J. Law 39,* and in *84 N. J. Law 128,* the statute with respect to conditional bills of sale now in effect is not section 71 of the act concerning conveyances (*2 Comp. Stat. p. 1561*), but is the act requiring contracts for conditional sales of personal property to be recorded, approved

May 9th, 1889, as amended March 14th, 1895.  *1 Gen. Stat. p. 891.*

In this case I find that the instrument does not even evidence a contract of conditional sale, but rather a contract of chattel mortgage.

· It appears that the Federal Truck Company during the year 1917, or the early part of 1918, sold to the Rapoport Express Company, under agreements similar to that at bar, three trucks; that each one of these trucks was fully paid for, the last install-ment on the last truck having been made the day before March 22d.  The Rapoport Express Company owed to the Federal Truck Company, and to others bills aggregating some $1,100 or $1,300, for repairs and for garage charges.  The Federal Truck Company, the day after the last installment on the last car sold was paid, issued some kind of a paper to a constable of the county of Essex authorizing the constable to take the trucks to satisfy a garageman's lien, and thereupon the constable took possession of the three trucks under this authority.  The Rapo-port Express Company expressed to the Federal Truck Company the idea that this proceeding would put it out of business and a way was sought by which the Federal Truck Company could be secured.  The result was that the Federal Truck Company paid, I think, certain garage fees then due on the trucks besides other bills, and this particular paper was executed.  Now, at the time the paper was executed title to this truck was not in the Federal Truck Company.  The installments had all been paid; title had vested, under the previous lease (the instrument being held to be a conditional bill of sale), in the vendee, the Rapo-port Express Company; there was no revesting of title in the Federal Truck Company which would put it in the position where it could make either a conditional bill of sale or a lease. The real transaction between the parties, I think, must be looked at, and I am of the opinion that if this instrument were called either a lease or a conditional bill of sale, it would be a fraud on the Chattel Mortgage act.  The result is, that I hold the paper to be a chattel mortgage, and inasmuch as it has not been prop-erly recorded (it has no affidavit annexed), it is void as against

the creditors and also void as against the receiver representing them.

The conduct of the parties indicates very clearly that these papers were not to be considered leases. At the termination of the periods provided for, and after all installments had been paid, no bills of sale were given, no actual delivery back by the lessee to the lessor, and then redelivery by the lessor to the lessee. The entire scheme indicates that its purpose is to defeat the recording provisions of the Conditional Bill of Sales act. If successful, parties may be permitted to purchase machines under some such agreement and go out and obtain credit as if they owned them.

There is a grave question, in my mind, as to whether the claim of the Federal Truck Company or the Continental company as a general claim is good for the amount of $1,793. The claim was made up in part of the amount due to the Federal Truck Company. In it was included $75, for the constable paid him by the Federal Truck Company for taking possession of these three cars and then arbitrarily twenty-five per cent. of that sum was taken and added to the bill. There was absolutely no consideration whatever for this twenty-five per cent. additional. It would seem that the twenty-five per cent. added will have to be disregarded. It cannot be retained as interest. It would be usurious, and the transaction would appear to be one in which a corporation, or its receiver, may set up usury. As I understand it, this does not affect the claim of the Continental company, which only advanced on the instrument seventy-five per cent., or less, of the $1,793, but it does affect any claim which may be filed by the Federal Truck Company. If there is an appeal, judgment creditors will be permitted to enter judgments, and the receiver permitted to proceed on these judgments and levy execution, so that he may be placed in a position where he can question the validity of the instrument if it be found to be a conditional bill of sale by the court of errors and appeals. That court will then be in a position where it may deal with the entire situation.

My order will be that the instrument evidenced a contract of chattel mortgage and that it is void as against the receiver.

Since writing the above my attention has been called to "An act concerning conditional sales and to make uniform the law relating thereto," passed by the legislature at its last session to become effective July 4th next. The contract which I am dealing with seems to fall clearly within the second definition of a conditional sale contained in section 1. I draw attention to the fact that section 5 of the act now makes conditional sales invalid as against creditors who, without notice, acquire by attachment or levy a lien, &c. Whether these words "attachment or levy" can be considered to refer to and include any lien acquired by operation of law or judicial process, including the equitable lien acquired by creditors through the appointment of a receiver, or whether the words must be confined to technical attachment or levy is, I imagine, going to be the subject of considerable judicial inquiry.