**In re PRESS PRINTERS & PUBLISHERS, Inc.**

**Petition of BABCOCK PRINTING PRESS MFG. CO.**

Circuit Court of Appeals, Third Circuit. December 22, 1927.

No. 3630.

Bankruptcy ⊜~184(2¾)—Conditional sales contract, not filed as required by state statute at time of bankruptcy, held void as against trustee (Conditional Sales Act N. J.; Bankr. Act, § 47a, cl. 2 [11 USCA § 75]).

Conditional sales contract which was void under Conditional Sales Act N. J. (P. L. 1919, p. 461), as against a lien creditor because not filed as required by such Act, *held*, under Bankruptcy Act, § 47a, cl. 2 (11 USCA § 75), void as against trustee in bankruptcy where bankruptcy of buyer and intervention of trustee occurred before contract was filed.

Appeal from the District Court of the United States for the District of New Jersey; William Clark, Judge.

In the matter of the Press Printers & Publishers, Inc., bankrupt, in which the Babcock Printing Press Manufacturing Company filed a claim. From a decree affirming an order denying allowance of claim, petitioner appeals. Affirmed.

See, also, 4 F.(2d) 159.

A. P. Bachman, of New York City, for appellant.

Leon E. Cone, of Morristown, N. J. (Harry Silverstein, of Newark, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The Babcock Printing Press Manufacturing Company claims a sum of money received from the sale of a printing press and held by the trustee of the Press Printers & Publishers, Inc., Bankrupt. It first endeavored to collect its claim by mandamus. In re Press Printers & Publishers, Inc. (C. C. A.) 12 F.(2d) 660. Failing in that, it tried the claim before a referee in bankruptcy whose order denying its allowance was affirmed by the District Court on review. This appeal is from that decree.

The claimant entered into a contract with the bankrupt for the sale of a printing press at a stated sum, part cash and balance in periodical payments, title reserved in the seller and to pass by bill of sale to the buyer after full payment of the stipulated price.

and payment of an additional sum of two dollars.

The instrument, by its terms, is called a lease—manifestly drafted so that it should fall within the laws of those states that recognize such contracts—and as a lease the claimant persists in describing it. Yet the referee and the District Court were satisfied, as are we, that the writing is a contract of conditional sale within the definition of the Conditional Sales Act of New Jersey, Act of 1919, chapter 210, par. 2 (P. L. p. 462); Lauter Co. v. Isenreath, 77 N. J. Law, 323, 72 A. 56; National Cash Register Co. v. Daly, 80 N. J. Law, 39, 76 A. 325; Rapoport v. Rapoport Exp. Co., 90 N. J. Eq. 519, 107 A. 822.

A conditional sale is valid or void under this New Jersey statute (by which this case is controlled) according as the parties conform or fail to conform to its requirements. Paragraphs 5, 6 and 10 provide that every provision in a conditional sale shall be void as to a creditor of the buyer, who, without notice, acquires by attachment or levy a lien upon the goods sold before the contract shall be filed as required, unless the contract is so filed within ten days after the sale is made; that the contract shall be filed in the office of the clerk of the county in which the goods are kept for use by the buyer; and that the filing officer shall mark upon the contract the day and hour of filing, and enter the names of the seller and buyer, the date of the contract, and the day and hour of filing, together with a description of the goods and the price, in a separate book properly indexed, and kept for that purpose. What happened was this:

About five months after its execution, the seller presented the contract in suit at the Morris County Clerk's office where it was recorded as a chattel mortgage in the chattel mortgage records of that office and then returned to the claimant. Whatever may have been the claimant's purpose in handing the contract to the clerk, the fact is it was not, then or later, marked filed, entered and indexed pursuant to the requirements of the Conditional Sales Act. The buyer after making several payments went into bankruptcy. With no rights of a purchaser from or a lien creditor of the bankrupt buyer intervening, the trustee took possession of the press and sold it, and the original seller now claims the proceeds.

Two questions arise; one under the recording acts of New Jersey (see title "Conveyances," 2 Comp. St. 1910, p. 1532) the other under the Bankruptcy Act (11 USCA). Courts of New Jersey have construed such acts strictly, holding, for instance, that as the statute declares a chattel mortgage void as to creditors of the mortgagor unless it be recorded according to its terms, a chattel mortgage is, in law, void as to such creditors unless it is, in fact, recorded as required. Knickerbocker Trust Co. v. Penn Cordage Co., 65 N. J. Eq. (20 Dick.) 181, 55 A. 231; Id., 66 N. J. Eq. (21 Dick.) 305, 58 A. 409, 105 Am. St. Rep. 640. It was by analogy with this ruling that the District Court affirmed the referee holding the unfiled conditional bill of sale in issue void. In this we are constrained to agree. But the claimant insists that, even if the contract was not filed as required, the filing act does not avoid the instrument as between the parties when, as here, there was no creditor who, before bankruptcy, actually obtained a lien on the chattel sold. That might be true had not bankruptcy of the buyer followed and had not its trustee intervened between seller and buyer. With the contract of conditional sale not yet filed in compliance with the requirements of the Conditional Sales Act, the trustee came in with the rights of a lien creditor having an execution returned unsatisfied and with the right to enforce his claim against the chattel without showing that any particular creditor had in fact obtained a judgment against the bankrupt. Bankruptcy Act, § 47a (2). Interstate Banking & Trust Co. v. Brown (C. C. A.) 235 F. 32. The trustee was clothed with this right by section 47a (2) of the Bankruptcy Act as amended by the Act of 1910 (11 USCA § 75), the effect of which is to place the trustee, so far as his right to attack the validity of the instrument is concerned, in the same position as a creditor with a lien. For the purpose of attacking the conditional bill of sale, the trustee was a potential lien creditor. As the conditional bill of sale would, under the state law, be void against a lien creditor, it is likewise void against the trustee. In re O'Brien (D. C.) 215 F. 130.

The decree is affirmed.