FIRST JUDICIAL DISTRICT OF THE COUNTY OF MONMOUTH.

ALBERT LIFSON & SONS, INCORPORATED, A CORPORA-
TION, PLAINTIFF, v. HERBERT WILLIAMS, TRADING
AS JAMES CALKINS & COMPANY, AND SERENA CONDE
NASH, DEFENDANTS.

For the plaintiff, *A. Lawrence Plager.*

For the defendant Herbert Williams, *Jacob Steinbach, Jr.*

KREMER, J. This is an action in replevin. The plaintiff
seeks to recover possession of certain furniture it claims to
have leased to the defendant Serena Conde Nash. She, in
turn, stored the goods with the defendant Williams, who re-
sists the present action and claims a lien upon the goods to
the extent of the storage charges under the so-called "Uniform
Warehouse Receipts law." 4 *Comp. Stat., p. 5776.*

The testimony tended to establish that on the 10th day
of September, 1930, Mrs. Nash negotiated with the plaintiff
and acquired certain furniture under an arrangement which
the plaintiff claims was merely a rental, but which the de-
fendant says was, in fact, a sale. A document in the form
of a lease was signed by the defendant, under the terms of
which she agreed to pay $315.04 for the rental of the furni-
ture. $35.04 was to be paid on delivery and then $5 per
week. The agreement in form was in all respects comparable

to that discussed in the case of *Singer Manufacturing Co.* v. *Wolff,* 70 *N. J. L.* 127; 56 *Atl. Rep.* 147, and the language of the lease in the instant case was apparently patterned after the language of the lease under discussion in the Singer case.

In addition to the lease, however, the purchaser, Mrs. Nash, was given a book by the plaintiff. In this book the merchandise sold was set forth and pages provided to note her installment payments. There were other provisions in the book which shed light on the nature of the original transaction between the plaintiff and the defendant Mrs. Nash. The book contained, among others, the following provisions:

"Bring this book with you when making payments or more purchases, or transacting any business with our firm."

"No money refunded if article must be taken back."

The defendant Mrs. Nash further testified that she went to plaintiff's place of business to purchase furniture and that she was shown furniture and informed the plaintiff's representative that she could not pay for it in cash. She testified that after some conversation with the salesman she was informed that there was another method of payment provided by the plaintiff, and then the lease was drawn and the passbook issued to her in which provision was made for the entry of her weekly payments.

The first question to be disposed of is whether parol evidence is admissible to show the real transaction between plaintiff and the defendant Mrs. Nash. The plaintiff, in its brief, urges that the written instrument in the form of a lease is conclusive as to the arrangement between the parties. The defendant Herbert Williams, however, was not a party to the agreement and he was not bound by its terms. It was competent for him to show what the true arrangement was between the plaintiff and Mrs. Nash. The parol evidence rule is binding only on those persons who are parties to the document. 4 *Wigm. Ev.,* ¶ 2446. It is firmly established in New Jersey that the rule which excludes the introduction of evidence to vary or contradict a written instrument does not apply to third persons. *First National Bank of Plain-*

*field* v. *Dunn,* 55 *N. J. L.* 404; 27 *Atl. Rep.* 908; *Shreve* v. *Crosby,* 72 *N. J. L.* 491; 63 *Atl. Rep.* 303; *Halliwell* v. *Trans-States Finance Corp.,* 98 *N. J. L.* 133; 118 *Atl. Rep.* 837

It is clear, therefore, that in the present case the defendant Williams was entitled to show the actual transaction between the plaintiff and the defendant Mrs. Nash, and to introduce in evidence not only the passbook given to the defendant Mrs. Nash concurrently with the other agreement, but also oral testimony to show what took place at the time of the original negotiations.

While the agreement contended for by the plaintiff was in the form of a lease, the testimony of the defendant Mrs. Nash, and the provisions in the passbook clearly indicate to me that the intention of the parties was that a sale was being effected. The words "no money refunded if article must be taken back," indicate that if the article was fully paid for it would not be taken back and that if it were not paid for, the plaintiff might repossess it. If the statement does not mean this it has no significance whatever. In the other quoted clause printed in the passbook, the words "more purchases" indicate that this was in fact a purchase. I am of the opinion, therefore, that the transaction between the plaintiff and Mrs. Nash was not a lease, but was a conditional sale; it being the intention of the parties that if Mrs. Nash paid for the property and complied with the terms of the so-called lease, the furniture was to become her own, but that if she did not pay the plaintiff might repossess the goods.

The case of *Singer Sewing Machine Co.* v. *Wolff,* 70 *N. J. L.* 127; 56 *Atl. Rep.* 147, has been relied on by the plaintiff as establishing its right to recovery in the instant case. An examination of the authorities in our state, however, will clearly indicate that our courts, in passing upon the case of *Singer Sewing Machine Co.* v. *Wolff, supra,* have inclined to limit the applicability of that case to cases in which the facts are clearly identical. Commenting upon it in the case of *Rapoport* v. *Rapoport Express Co.,* 90 *N. J. Eq.* 519;

107 *Atl. Rep.* 822, Vice-Chancellor Lane made the following very significant statement:

"The Wolff case, if it is to be construed as authority, must be confined to cases in which the facts are identical. The true agreement between the parties, if other than as evidenced by the written paper, did not appear to the court."

The present case may easily be distinguished from the Wolff case in that in the present case there were additional facts beyond the so-called lease itself to show what the true agreement between the parties was. No such additional proofs appear in the Wolff case.

The tendency of our courts to penetrate the fiction by which a document, which is in reality indicative of one transaction, is so framed as to purport to show a different transaction, is illustrated in the case of *Wood* v. *Cox,* 92 *N. J. Eq.* 307. In that case the agreement was in the form of a lease of a soda fountain for a period of six months at a rental of $850, of which $200 was paid on the execution of the agreement and the balance in sums of $100 per month, with the provision that if the lessee should desire to purchase the leased property, the lessor agreed that upon payment by the lessee of such sums as would, with the previous rent, amount to $850, the lessor would execute to the lessee a bill of sale for the leased property; that no title should vest in the lessee under the agreement, and if default be made by the lessee in keeping the covenants then the lease should forthwith cease.

Chancellor Walker held the agreement to be a conditional sale and in his opinion, quoting with approval the Rapoport case, said:

"The terminology in the paper before me describing the document as a lease is a mere subterfuge and a palpable attempt to evade the law, as was the situation in the Rapoport case."

In this connection, referring again to the Rapoport case, there is the following succinct quotation from Vice-Chancellor Lane's opinion:

"To hold that the paper evidences such a contract as it

purports to evidence would be to permit a fraud upon the statute and it might as well be repealed."

Applying the facts above stated to the authorities quoted, it is apparent that the plaintiff sold goods to the defendant Mrs. Nash on terms which amounted to a conditional sale.

The defendant Williams is a warehouseman. The goods were stored with him by Mrs. Nash and it was undisputed that $36 was due to him for storage charges. The act under which his lien attaches and may be enforced has already been referred to. It remained only to state that section 5 of the Conditional Sales act (*Pamph. L.* 1919, *p.* 462), provides that:

"Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer who, without notice of such provision, purchased the goods before the contract or a copy thereof shall be filed  *  *  *."

This contract was never recorded in compliance with "An act respecting conveyances" (Revision of 1898). *Pamph. L.* 1898, *p.* 670.

The defendant Williams therefore is entitled to his lien for the amount of his storage charges. Testimony was offered at the trial tending to establish the fact that plaintiff, after having obtained the warehouse receipt from the defendant Mrs. Nash presented it to the defendant Williams but refused to pay the charges. Failing so to do, they were not entitled to possession.

In so far as the defendant Serena Conde Nash is concerned, a different situation exists. There is no question that she was in default under the terms of her agreement and had not paid the installments which she contracted to pay. The contract gave the plaintiff the right to repossess the articles in the event of such a default.

Let judgment of possession be entered in favor of the defendant Herbert Williams.