RICHARDS, Circuit Judge.
This was a petition filed with the referee to reclaim a typesetting machine found in possession of the bankrupt. The petitioner (appellant) claimed as the owner and lessor. The trustee defended on the ground that there had been a conditional sale, and that the condition reserving the title was void for want of compliance with the Ohio statute. The referee found in favor of the petitioner, holding there was a mere lease. The court below reversed, finding there was no mere lease but a conditional sale, without compliance with the Ohio statute.
The agreement entered into between the petitioner below and the bankrupt was termed a “simplex typesetting machine lease.” By it the lessor agreed to furnish and lease to the lessee one simplex typesetting machine—
“To hold for the term of three years; * * * and the said lessee hereby covenants to and with the lessor that he will pay for the same a rental of twelve hundred and sixty dollars ($1,260) for the entire term of three years, in installments of thirty-five dollars ($35.00) each, payable on the first day of each month until the twelve hundred and sixty dollars ($1,2G0) has been paid, and will further secure such payments by giving at the beginning of said rental term, his promissory notes in form acceptable to the lessor for the same; but the giving of said notes shall not be regarded as payment of the rent aforesaid.”
The lessee agreed to maintain the machine in good operative condition, and, at the end of the term, to ship it back to the lessor, and .during the term to insure it for the benefit of the lessor in the sum of $1,200. The agreement also contained the following provisions:
“The" lessee further covenants and agrees that in case he, or any party holding under him, shall violate any of the provisions, conditions or agreements herein contained, the lessor may, at his option, terminate this lease, and retain and keep all rentals hereinbefore stipulated to be paid by the lessee in consideration and payment for the use theretofore had of said machine and its appurtenances.”
“It Is- further covenanted and agreed by both parties hereto that this lease shall extend to and cover a further period of two years upon the same terms and conditions; provided, however, that the lessee may, if he shall so elect, and give notice in writing of said election to the lessor at least thirty days before the end of the first term of three years, abandon, discontinue and terminate this lease at the end of said first rental term and return said machine as heretofore provided, immediately upon the ending of the first term aforesaid.”
„ “The lessee shall have the option of purchasing said machine and appurtenances in his possession for the sum of seventeen hundred dollars (provided all his covenants then matured shall have been fulfilled), at any time within three years after its erection by payment to the lessor of such cash as with the amount of rental theretofore paid shall equal seventeen hundred dollars.”
The statute of Ohio regulating conditional sales reads as follows:
“(Rev. St. 1905, § 4155—2.) Section 1. In all cases where any personal property shall be sold to any person, to be paid for in whole or in part in installments, or shall be leased, rented, hired or delivered to another on condition that the same shall belong to the person purchasing, leasing, renting, hiring, or receiving the same whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain in the vendor, lessor, renter; hirer or deliverer of the same, until such sum or the value of such property or any part thereof shall have been paid, such con *317 dition, in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers and mortgagees in good faith, and creditors, unless such condition shall be evidenced by writing.”
Which shall be properly verified and filed with a designated officer.
By the next section of the act (Rev. St. 1905, § 4155—3), it is provided that it shall be unlawful for the persons who sold or leased, etc., the property to take possession of the same without tendering or refunding to the purchaser, lessee, etc., the sums of money paid after deducting a reasonable compensation for the use of the property.
The question of construction involved is whether, in view of the provisions of the so-called lease, the transaction came within the scope of the above statute. We are satisfied that the court below was ■correct in holding that it did. Although called a lease, the transaction was intended to be, and in effect was, a conditional sale; the vendor reserving the title until the final payment should be made, and the right of rescission, in case the purchaser should fail in the payment of any installments of the so-called rent, or an additional amount to make the total sum of $1,700. Hervey v. R. I. Locomotive Works, 93 U. S. 664, 673, 23 L. Ed. 1003.
It will be observed that the so-called lessee was obliged to insure the machine for the lessor in the sum of $1,200, which may be taken as the approximate value to the latter. The total rent payable for the term of three years was $1,260 and notes were required to be given in advance therefor. There was also the provision that the lease was to cover a further term of two years on the same conditions, unless the lessee, at least 30 days before the end of. the term of three years, should terminate it by notice and return the machine. Coupled with this was the provision that the lessee should have the option of purchasing the machine for $1,700, “at any time within three years after its erection,” that is, during the first term of three years, by paying the lessor such amount as with the rental already paid should equal $1,700. Read in connection with the preceding provision for the second term of two years, this so-called option of purchase was made practically compulsory. The lessee, having paid $1,260 for the three years, would only have $440 to pay in order to own the machine; but, unless he served notice before the end of the first term and returned the machine, he became obligated to pay $840 as rent for the two-year term, or $400 more than the value of the machine. Thus he was practically compelled to complete the purchase of the machine during the first term, or lose the installments he had paid.
The Ohio statute provides that in all cases where any personal property shall be leased to another on condition that the same shall belong to the person leasing it whenever the amount paid shall be a certain sum, or the value of such property, the title to remain in the lessor until such sum or the value of such property shall have been •paid, such condition shall be void as to creditors, unless it shall be -evidenced by writing, duly verified and filed in accordance with the statute. This agreement came clearly within these provisions. If this was a lease, the property was to belong to the lessee upon the pay *318 ment of a certain sum to be made up substantially of the installments of so-called rent, and so the agreement was really a conditional sale. The lease was a mere subterfuge to avoid the statute. Jones v. Molster, 11 Ohio Cir. Ct. Rep. 432, 5 O. C. D. 251.
In the administration of the bankruptcy act, we have already held that a contract for a conditional sale of personal property, not filed in accordance with the provisions of section 4155—2 of the Revised Statutes of Ohio of 1905, is void as against the creditors of the bankrupt, whether their claims arose before or after the contract was made. Dolle v. Cassell, 135 Fed. 52, 67 C. C. A. 526.
The judgment is affirmed.