In re CAPITAL CITY CAP CO.

·(District Court, D. New Jersey. May 28, 1918.)

BANKRUPTCY �findex184(2)—TRUSTEE—RIGHTS OF.

Where a creditor.of a New Jersey bankrupt did not file an unrecorded conditional sale agreement until after the filing of the petition, such agreement was void as against the trustee in bankruptcy, for 2 Comp. St. N. J. 1910, pp. 1561–1563, makes such agreements void as against judgment creditors not having notice, and the status of the trustee as a creditor holding a lien by legal or equitable proceedings given by Bankruptcy Act, § 47a2 (Comp. St., 1916, § 9631), is fixed by the filing of the petition, and not adjudication; this being so despite section 70a (Comp. St. 1916, § 9654).

In Bankruptcy. In the matter of the bankruptcy· of the Capital City Cap Company. On review of referee's order denying the claim of M. D. Knowlton & Co. Order affirmed.

Theo. L. Frothingham, of New York City, for claimant.

Frank S. Katzenbach, Jr., of Trenton, N. J. (Nathan Bilder, of Newark, N. J., of counsel), for trustee.

RELLSTAB, District Judge. At the time of the filing of the petition in bankruptcy the bankrupt was in possession of property, the title to which, as between it and M. D. Knowlton & Co., was reserved to the latter under an unrecorded "conditional sales agreement." Subsequently, and before the entry of adjudication, this agreement was recorded in the proper office.

The question on review is whether the referee erred in holding that such reservation of title was void as against the trustee. At the close of the argument I stated that I thought the referee's findings were correct. However, at his solicitation, petitioner's counsel was given opportunity to file additional briefs, and the matter has been given further consideration. Such consideration has strengthened my first impression.

In Bailey v. Baker Ice Machine Co., 239 U. S. 268, 275, 36 Sup. Ct. 50, 60 L. Ed. 275, it was held that the· status of the trustee as "a creditor holding' a lien by legal or equitable proceedings," given by section 47a2 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557 [Comp. St. 1916, § 9631]), in so far as it referred to the property in the custody of the bankruptcy court, related back to the filing of the original petition in bankruptcy. This was.reiterated in Martin, Jr., etc., v. Commercial National Bank of Macon, Georgia, 245 U. S. 513, 38 Sup. Ct. 176, 62 L. Ed. 441. True, in neither of these cases would the result have been different (the recordation having been made before the filing of the petition in bankruptcy), if the trustee's status for such purpose had been fixed as of the date of adjudication. Nevertheless, the reasons given in the Ice Machine Company Case for holding the date of filing the petition as the time of cleavage are controlling. It is not the passing of the title to the bankrupt's property, under section 70a, but the passing of such property gremio legis for

purposes of liquidation, which fixes the time when the trustee is regarded as having acquired the status of a lienholder under section 47.

With the filing of the petition in bankruptcy, the rights of creditors and claimants to property then in the possession of the bankrupt are held in abeyance, to be determined as of that date, if adjudication follows. The New Jersey statute, which makes unrecorded agreements of the character under consideration "absolutely void as against the judgment creditors not having notice thereof" (2 Comp. St. N. J. pp. 1561–1563, §§ 71–73), through section 47a2 of the Bankruptcy Act, became operative on the property in the possession of the bankrupt at the time the petition was filed.

The invoking of the Bankruptcy Act secured rights to the general creditors which, in the event of an adjudication, could not be avoided by any act of either Knowlton & Co. or the bankrupt subsequent to the filing of the original petition in bankruptcy. Adjudication having been obtained, the recording of the "conditional sales agreement" after the filing of that petition, in legal effect, is the same as if a judgment had been previously recovered against the bankrupt and levy made on the property in question. This result works no legal hardship to Knowlton & Co. It was chargeable with knowledge that the policy of the law, as expressed in the federal and state statutes, was to subordinate undisclosed rights in property to the rights of creditors holding liens thereon by legal or equitable proceedings. It was within the power of Knowlton & Co. to record this agreement at any time after its execution and bring itself within that policy. It delayed doing so for more than eight months, and not until after the bankruptcy court had its grip upon property which, as far as appearances indicated, belonged to the bankrupt. The recording of this "conditional sales agreement" came too late to save the rights reserved under it.

The order of the referee is affirmed.