## GRONER v. BABCOCK PRINTING PRESS MFG. CO.

### In re MOORE.

(Circuit Court of Appeals, Fourth Circuit.  July 6, 1920.)

No. 1788.

1. **Bankruptcy ⬤═▷188(2)—Trustee is subsequent lienholder as against improperly recorded obligation.**

Trustee in bankruptcy is entitled to the rights of a subsequent lienholder as against an improperly recorded obligation.

2. **Bankruptcy ⬤═▷188(2)—Contract providing for installment payments held not recorded, so as to give priority.**

Where a so-called lease contract, under which the seller delivered a printing press to the bankrupt, showed that the cash was not to be paid, and the notes were not to be given until the new press was delivered, etc., but the date of delivery was not fixed, so that the date and maturity of the notes was uncertain and incapable of ascertainment from the face of the contract, the docketing of such contract in the office of the corporation court, together with a description of the terms of payment, which was erroneous, did not take it out of the terms of Code Va. 1904, § 2462, declaring such contracts to be void as to purchasers and creditors without notice until the docketing of a memorandum showing amounts due and when payable, etc.; hence the trustee of the bankrupt, who occupies the position of a subsequent lien creditor, is entitled to the proceeds from the sale of the press as against the seller.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

In the matter of the bankruptcy of Elwood F. Moore, trading as the Minter-Moore Printing Company.  J. A. C. Groner, trustee, appeals from a judgment in favor of the Babcock Printing Press Manufacturing Company, which claimed a preference to the proceeds of the printing press.  Reversed.

T. D. Savage, of Norfolk, Va., for appellant.

D. Lawrence Groner, of Norfolk, Va., for appellee.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge.  Elwood F. Moore, doing business as Minter-Moore Printing Company, was adjudicated a bankrupt September 23, 1918.  Among the assets which came into the hands of J. A. C. Groner, trustee, was a printing press and other property, on which there was due by the bankrupt $1,298, under a contract with the Babcock Printing Press Manufacturing Company; that corporation being referred to in the contract as the lessor and Moore as the lessee.  The contract was as follows with respect to payment of the purchase money:

"The lessee does lease of the lessor upon the express terms and conditions hereinafter mentioned for the period of thirty-six (36) months: [Property described] *delivered and erected in press room, ready for power,* and valued at $2,350.00, and the said lessee hereby agrees to pay to said lessor a total rental of twenty-three hundred and fifty dollars ($2,350.00) as follows: 29x42″ bed drum cylinder Potter printing press, with all parts belonging thereto, as it

⬤═▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(267 F.)

stands in press room, at No. 307 Brewer St., Norfolk, Virginia, free from all incumbrances valued at $100.00, *$400.00 in cash when said press is in good running order in the press room*, and the residue of the rent above reserved and mentioned during the term of this lease to be evidenced by promissory notes of the lessee bearing interest at *six* per cent., as listed and numbered below, and the payment of these notes is to be deemed and taken as payment of said rent: One note at 1 month, No. 1, $50. One note at 2 months, No. 2, $50"—(continuing the list of 36 notes each for $50, except the last which was for $100, at 36 months).

[1, 2] By section 2462 of Code of Virginia of 1904 such a contract is void as to purchasers and creditors without notice—

"until and except from the time that a memorandum of said writing, setting forth the date thereof, the amount due thereon, when and how payable, and a brief description of said goods or chattels, be docketed in the clerk's office of the circuit or corporation court of the county or corporation in which said goods or chattels may be."

The District Court held that the contract had been docketed as required by the statute, and that the Babcock Company was entitled to be paid from the proceeds of the sale of the property in the hands of the trustee in bankruptcy occupying the position of a subsequent creditor.

It is evident from the expressions in the contract we have italicized that the cash was not to be paid and the notes were not to be given until the new press was delivered and set up in running order. The date when this was to be done was not fixed, and therefore the date and the maturity of the notes were uncertain and incapable of ascertainment from the contract. On May 18, 1918, the clerk of the corporation court of the city of Norfolk docketed the contract, describing the terms of payment as follows:

"Four hundred dollars ($400.00) cash, and balance is evidenced by notes of even date, payable at the Seaboard National Bank, Norfolk, Virginia, as follows to wit: Fifty dollars ($50.00) per month for thirty-five (35) months each, and one hundred dollars ($100.00) per month for thirty-sixth (36th) month, with interest at six per cent. (6%) per annum until paid in full."

The 36 notes were actually made June 15, 1917, payable in series for 36 months from that date. Thus it appears that no date of maturity of the notes was fixed by the contract, or ascertainable from it, and that the statement of the maturity in the docketing was not only unwarranted by the contract, but contrary to the actual facts. It follows inevitably that the case falls under National Cash Register Co. v. Burrow, 110 Va. 785, 67 S. E. 370. The trustee of the bankrupt, occupying the position of a subsequent lien creditor, is therefore entitled to hold the proceeds of the property against the appellee claiming under contract of sale not docketed as required by the statute.

Reversed.