**In re PRESS PRINTERS AND PUBLISH-
ERS, Inc.**

**Petition of BABCOCK PRINTING PRESS
MFG. CO., Inc.**

(District Court, D. New Jersey. December 15,
1924.)

**1. Mandamus ⚫105 — Mandamus held not
proper method of reviewing order of referee.**

Petition for writ of mandamus to compel
payment of a claim is not a proper method to
review an order of a referee denying priority
to the claim.

**2. Bankruptcy ⚫184(2)—Sales ⚫456—Con-
ditional sale contract held ineffective for want
of proper recording.**

An instrument called a lease *held* a condi-
tional sale contract under the New Jersey stat-
ute, and void as a retention of title as against
the trustee in bankruptcy of the purchaser for
want of record in compliance with the statute.

In Bankruptcy. In the Matter of the
Press Printers and Publishers, Inc., bank-
rupt. On petition of the Babcock Printing
Press Manufacturing Company, Inc., for
writ of mandamus to compel payment of
claim. Denied.

A. P. Bachman, of New York City, for
petitioner.

Leon E. Cone, of Morristown, N. J., for
respondent.

RUNYON, District Judge. The Press
Printers and Publishers, Inc., a Morris-
town concern, and incorporated under New
Jersey laws, was engaged in the newspaper
and job printing business, when on Janu-
ary 30, 1923, an involuntary petition in
bankruptcy was filed. The company was
thereafter adjudicated a bankrupt, and a
receiver appointed, who qualified and took
control of the estate. This matter was re-
ferred to Referee De Coster, who made an
order in which, among other things, he di-
rected the present petitioner to show cause
why the personal property of the bankrupt
should not be sold "free and clear of all
liens and incumbrances; a lien, if any, to
attach to the proceeds."

Upon the return of said order, the ref-
eree, after argument, determined and by
his further order directed said sale to be
held, providing therein that a lien, if any,
should attach to the proceeds. Pursuant
thereto the sale was duly held and con-
firmed, and the referee designated as claims
entitled to priority that of the landlord, one
for labor, that of the Mergenthaler Lino-

type Company, and of Nathaniel C. Toms,
trustee.

[1] The present petition is not for the
review of the referee's order, but for the is-
suance of a writ of mandamus to compel
the payment of the Babcock claim. In oth-
er words, the petitioner, for all practical
purposes, is seeking to substitute the writ
of mandamus for a writ of error, and in so
doing has, I believe, mistaken the nature
of his proper remedy. "A mandamus can-
not be used as a writ of error; nor is it
ever granted where the party asking it has
another remedy, as where the remedy is by
an appeal." Morrison v. U. S. District
Court, 147 U. S. 14, 13 S. Ct. 246, 37 L.
Ed. 60. See, also, In re Baltimore & Ohio
R. R., 108 U. S. 566, 2 S. Ct. 876, 27 L.
Ed. 812.

[2] The instrument in question bears the
name of lease, but an examination of its
contents convinces me that in reality it is a
conditional sale agreement and therefore
subject to the provisions of the Conditional
Sales Act (P. L. N. J. 1919, p. 461). Para-
graph 1, subd. 2, of said act, describes one
sort of conditional sale as being "any con-
tract for the bailment or leasing of goods
by which the bailee or lessee contracts to
pay as compensation a sum substantially
equivalent to the value of the goods, and
by which it is agreed that the bailee or
lessee is bound to become * * * the
owner of such goods upon full compliance
with the terms of the contract."

As I read the so-called lease, it answers
the requirements of the above description,
and must therefore be classed as a condi-
tional bill of sale. See In re Morris (D.
C.) 156 F. 597; Lauter Co. v. Isenreath,
77 N. J. Law, 324, 72 A. 56.

As a conditional sale agreement, the in-
strument further becomes subject to the
provisions of the law regulating the filing
thereof. In the first place, the petitioner
seemingly recognized that its instrument
was not a lease, despite its name, and re-
corded it as a chattel mortgage.

Secondly, the act governing conditional
sales provides that the agreement must in
the first instance be filed within 10 days and
refiled at the expiration of 3 years. The
plaintiff omitted to carry either of these
provisions into effect. Having failed prop-
erly to record its conditional sale agree-
ment, I am of the opinion that the plaintiff
has forfeited the preferential position which
might otherwise have obtained, and that its
instrument is void for any such purpose as

against judgment creditors, and entitles it to no claim for the payment it asks. See Unitype Co. v. Long, 143 F. 315, 74 C. C. A. 453; In re A. E. Savage Baking Co. (D. C.) 259 F. 977; Groner v. Babcock Printing Press. Mfg. Co. (C. C. A.) 267 F. 822.

Without going into any other point advanced by counsel, it appears to me that the above facts constitute such a situation as to have warranted the referee in making the order which the plaintiff seeks to annul by means of its petition for the issuance of a writ of mandamus.

The motion herein for such writ must be denied.