## In re GOLDEN CRULLER & DOUGHNUT CO., Inc.

(District Court, D. New Jersey. May 5, 1925.)

**Bankruptcy** ⬟184(2) — **Unfiled conditional sales contract disclosed by schedules good against trustee.**

As against trustee, a conditional sales contract was not void because not filed until day after the filing of schedules in bankruptcy, under New Jersey Uniform Conditional Sales Act 1919, § 5, where schedules disclosed such contract, and there were no judgment or lien creditors, as the trustee acquired no rights before actual notice of the contract.

In Bankruptcy. In the matter of the Golden Cruller & Doughnut Company, Inc., bankrupt. On review of referee's finding that a conditional sales contract held by Harry Green, was invalid. Finding reversed.

Harry Green, of Newark, N. J., for petitioning creditor.

Eichmann & Seiden, of Jersey City, N. J., for trustee.

BODINE, District Judge. On May 20, 1924, a voluntary petition in bankruptcy was filed in the above matter. Schedules attached to the petition showed that the petitioner held conditional sales contracts to secure the unpaid balance upon two automobiles, the property of the bankrupt. The conditional sales contracts were not recorded until the following day. There were no judgment or lien creditors. The referee in bankruptcy held that the conditional sales contracts were void as against the trustee in bankruptcy.

Section 5 of the Uniform Conditional Sales Act, adopted by New Jersey in 1919 (P. L. p. 462), makes conditional sales contracts, although unrecorded, valid as against all persons except: "Any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed."

It is not necessary to determine the scope of section 47a of the Bankruptcy Act (Comp. St. § 9631). There is a considerable body of authority to support the proposition that a trustee steps merely into the shoes of an existing creditor. See Live Stock State Bank v. Doyle, trustee (C. C. A.) 292 F. 465, and cases there cited; also Martin v. Commercial National Bank, 245 U. S. 513, 38 S. Ct. 176, 62 L. Ed. 441.

The matter has not been passed upon by the Circuit Court of Appeals for the Third Circuit. The judges in this district have not, however, followed Judge Kenyon's admirable decision in the Eighth Circuit. The question, however, is not necessary to the disposition of this case. Assuming, but not deciding, that where there are no judgment creditors the trustee is in the same position as a creditor who has procured a lien by judgment, the trustee in this case acquired no rights before having actual notice of the conditional sales contract; the schedules in bankruptcy exploiting such sales contracts.

The finding of the referee must be reversed.