## In re SUPREME FURNITURE CO.

### JOHN A. McCRANE MOTORS CO. v. DUFFY.

District Court, D. New Jersey. April 10, 1928.

1. Bankruptcy 114(1)—Receiver's recognition of seller's claim to truck sold bankrupt under unfiled conditional sales agreement held not to work estoppel against other creditors to contest claim.

Receiver appointed for bankrupt by recognition of, or acquiescence in, seller's claim to truck sold bankrupt under unfiled conditional sales agreement, held, to work no estoppel against creditors, whose rights in truck were fixed at time voluntary bankruptcy petition was filed, to contest claim, since receiver's powers did not include passing on seller's ultimate rights in truck.

2. Bankruptcy 140(1⅝)—Unfiled conditional sales agreement held invalid as against trustee in bankruptcy, though bankrupt had no judgment or lien creditors when bankruptcy petition was filed (Conditional Sales Act N. J. §§ 4, 5; Bankr. Act, § 47a[2], as amended by Act June 25, 1910, § 8 [11 USCA § 75]).

Unfiled conditional sales agreement executed under New Jersey Conditional Sales Act (P. L. 1919, p. 461), under which bankrupt purchased truck, held, not valid as against trustee in bankruptcy, notwithstanding that bankrupt had no judgment or lien creditors within sections 4 and 5 when bankruptcy petition was filed, and that receiver was advised immediately after appointment that seller held conditional sales agreement, since Bankruptcy Act, § 47a(2), as amended by Act June 25, 1910, § 8 (11 USCA § 75), places trustee in same position as judgment creditor.

3. Bankruptcy 140(1⅝)—Unfiled conditional sales agreement held invalid as against trustee in bankruptcy, though receiver had notice.

Unfiled conditional sales contract under which truck was sold to bankrupt held, not valid as against trustee in bankruptcy though notice of contract was given to receiver immediately after his appointment, as at time such notice was given bankrupt's property was in custodia legis.

In Bankruptcy. In the matter of the Supreme Furniture Company, bankrupt; Thomas E. Duffy, trustee. On review of referee's order denying the John A. McCrane Motors Company's claimed lien on the proceeds of the sale of a truck sold to bankrupt under an unfiled conditional sales agreement. Order affirmed.

Furst & Furst, of Newark, N. J., for petitioner.

William Harris, of Newark, N. J., for trustee.

RELLSTAB, District Judge. The Supreme Furniture Company on September 15, 1926, on its own petition filed that day, was adjudicated a voluntary bankrupt. It was then in this district in possession of a 1926 Reo auto truck purchased from John A. McCrane Motors Company (hereinafter called the vendor) under an unfiled conditional sales agreement dated May 29, 1926. The truck passed into the possession of a receiver, appointed at the time of the adjudication. Two weeks thereafter the bankrupt filed its schedules, which stated that the truck was so purchased and that some of the installments of the purchase price were unpaid.

Upon sale of the truck by the receiver, more money was realized than was due under the sales agreement. The referee made an order denying the vendor's claim to be paid in full out of the proceeds of such sale, on the ground that the failure to file the sales agreement was fatal. This order has been brought here for review. The facts are stipulated.

The grounds alleged for reversal are two: First, that the trustee is estopped from contesting vendor's claim; and, second, that the failure to file the sales agreement did not avoid vendor's right to the truck or the amount due under the said agreement.

[1] *First. As to the estoppel.*

This is said to arise from the following facts: Upon the appointment of the receiver, immediately the vendor advised him of the existence of the conditional sales agreement and of the amount due thereunder. Subsequently the receiver stated that the truck would be offered for sale at public auction, and that, if a sum in excess of the amount due was not realized, it would be returned to vendor. At the time of the sale, the auctioneer stated that there was a conditional sales lien of about $1,000 affecting the truck, and that the bid necessarily would have to exceed that sum.

The sale netted more than the amount due the vendor. After the confirmation of the sale, the receiver advised vendor that it would receive payment of the unpaid balance in full, and requested it to deliver to the purchaser the bill of sale for the truck, and stated that, as soon as the purchase money was obtained, the receiver's attorney would "straighten out with you"; that by reason thereof the vendor delivered to the purchaser the original bill of sale for the truck.

Whether the receiver knew that the sales agreement had not been filed, or whether a failure to file it affected vendor's claim to the truck, does not appear. But this is unimportant. The receiver's powers and duties did not include his passing upon the vendor's ultimate rights in the truck or its avails. These rights depended upon proper interpretation of the state law in conjunction with the Bankruptcy Act. Assuming that the receiver's words and conduct amounted to a recognition of, or acquiescence in, the vendor's claim to the truck, or even that he agreed to turn over to it the truck if the bid therefor should not exceed the amount due under the sales agreement, and to pay it that amount if the sale's proceeds equalled or exceeded that amount, such recognition, acquiescence, or agreement would be beyond his powers, and worked no estoppel against the creditors.

The vendor's and general creditors' rights in this truck were fixed at the time the voluntary petition to be adjudged a bankrupt was filed, and could not be enlarged by anything the receiver said or did. The claim of estoppel is not established and is overruled.

[2] *Second. As to the effect of the failure to file the conditional sales agreement.*

The relative rights of a trustee in bankruptcy and the vendor of an unfiled conditional sales agreement depend upon the pertinent provisions of the Bankruptcy Act and the law of the state where the goods made the subject of the contract are located at the time of the filing of the petition in bankruptcy.

Section 47a (2) of the Bankruptcy Act, as amended June 25, 1910, provides that the trustee "as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon." 11 USCA § 75.

The New Jersey Conditional Sales Act (P. L. 1919, p. 461), provides:

Section 4. "Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

Section 5. "Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale." 2, 1924 Supp. N. J. C. S. p. 3130.

Under section 47a (2) of the Bankruptcy Act, as it read before the amendment of 1910, the trustee only had the right and title of the bankrupt, and, as between the bankrupt and the vendor, the conditional sales agreement was valid and binding, though unrecorded or unfiled. York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782, 15 Am. Bankr. Rep. 633. However, the 1910 amendment was purposed to enlarge the trustee's status in that respect. See reports of the House and Senate Judiciary Committees, respectively dated February 22, 1910, and May 16, 1910; the latter is set out in 4 Remington on Bankruptcy (3d Ed.) pp. 288–290.

The stipulation of facts shows that, at the time of the filing of the voluntary petition in bankruptcy, the bankrupt "had no judgment creditors, or other creditors who had acquired a lien by attachment or otherwise upon its property," and that, upon the appointment of the receiver, immediately he was advised by the vendor that it was the holder of the conditional sales agreement in question.

The vendor contends that, because of these stipulated facts, this agreement, though unfiled, is valid as against the trustee. This contention is without merit.

(a) *As to the status of the trustee.*

Section 47a (2), as amended, has been considered several times by this court. In re O'Brien (D. C. N. J.) 215 F. 129, 32 Am. Bankr. Rep. 347, it was held:

"The effect of the amendment of 1910 is to place the trustee, so far as his right to attack the validity of the instrument in question is concerned, in the same position as a judgment creditor and to invest him with the same rights. As the conditional bill of sale would, under the state law, be void as against a judgment creditor, it is likewise void as against the trustee."

In re Shelly (D. C. N. J.) 235 F. 311, 37 Am. Bankr. Rep. 514 (affirmed [C. C. A.] 242 F. 252, 39 Am. Bankr. Rep. 519) it was said the "amendment has undoubtedly wrought a great and a beneficial change in favor of the general creditors. Their representative, the trustee, is no longer pinched by the close-fitting shoes in which he was theretofore said to stand. He now has the more serviceable footing of a judgment creditor holding an execution duly returned unsatisfied or a creditor holding a lien by legal or equitable proceedings." Page 313.

In Re Capital City Cap Co. (D. C. N. J.) 251 F. 664, 41 Am. Bankr. Rep. 604, it was held that the filing of the petition in bankruptcy gave the trustee the status of a creditor obtaining a judgment against the bankrupt and making a levy on his property.

In re A. E. Savage Baking Co. (D. C. N. J.) 259 F. 976, 43 Am. Bankr. Rep. 721, it was held that an "unrecorded conditional sale contract is void against judgment creditors of buyer, and so against his trustee in bankruptcy; he under Bankruptcy Act 1898, § 47, as amended in 1910 * * * standing in position of a judgment creditor."

However, in none of these cases was it contended that the trustee's rights depended upon a creditor having obtained an actual lien upon the bankrupt's property.

In Re Public Opinion Pub. Co. (D. C. N. J.) 20 F.(2d) 404, 9 Am. Bankr. Rep. (N. S.) 476, a creditor of the bankrupt had obtained a judgment against it, but no execution had been issued thereon. This court held that the rights of the trustee were superior to those of the vendor, "notwithstanding there were no attachments in execution outstanding, since trustee under the Bankruptcy Act was vested as to all property in custody of court, with rights and remedies of creditors holding liens thereon."

The precise question raised in the instant case, and based on the same state and United States legislation, was presented in Re Press Printers & Publishers (C. C. A. 3) 23 F.(2d) 34, 11 Am. Bankr. Rep. (N. S.) 294, a case also arising in this court, and decided adversely to the vendor's contention. In that case the appellate court held (page 35) that "for the purpose of attacking the conditional bill of sale, the trustee was a potential lien creditor. As the conditional bill of sale would, under the state law, be void against a lien creditor, it is likewise void against the trustee."

Both Remington and Collier in their excellent and helpful works on Bankruptcy hold likewise, and the cases cited by them fully support their respective texts. See 4 Remington on Bankruptcy (3d Ed.) p. 272 et seq. (note 81), and 2 Collier on Bankruptcy (13th Ed.) pp. 1054, 1055 (note 59), 1511 (note 33), 1520–1525 (notes 85–90).

[3] (b) *As to the receiver's knowledge of the existence of the conditional sales agreement.*

The case mainly relied on by the vendor under this heading is In re Golden Cruller & Doughnut Co. (D. C. N. J.) 6 F.(2d) 1015, 6 Am. Bankr. Rep. (N. S.) 639. In that case this court held that the unrecorded conditional sales agreement was valid as against the trustee. The ground for that decision was that, as there were no judgment or lien creditors, and as the schedules attached to the voluntary petition in bankruptcy disclosed the sales agreement, the trustee "acquired no rights before having actual notice of the conditional sales contract."

The fact deemed controlling in that case is nonexistent in this. At the time of the filing of the petition in the Cruller & Doughnut Case, the bankruptcy law required that the schedules of a voluntary bankrupt's property be filed with his petition. By the amendatory act of May 27, 1926, 44 Stat. 663, 11 USCA § 25, a voluntary bankrupt has ten days (and such further time as might be granted), after filing his petition, to file a schedule of his assets, and the petitioner in the instant case availed itself of that privilege, and did not file its schedules of assets until two weeks after filing its petition to be adjudged a bankrupt.

The notice relied upon in the present case is solely that given to the receiver immediately after his appointment. At that time the bankrupt's property already was in custodia legis. Notice given in such circumstances is not coincident with the taking of jurisdiction, and is not within the decision of the Golden Cruller & Doughnut Case or the reasoning that led to its pronouncement.

The order of the referee is affirmed.