**In re SAYRE VILLAGE MANOR,**
Inc. et al.

No. 362.

United States District Court,
D. New Jersey.

April 1, 1954.

Herman W. Brams, Newark, N. Y., for purchase-depositors.

Kleinberg & Moroney, James E. Masterson, Newark, N. J., for trustee.

HARTSHORNE, District Judge.

The referee to whom the above bankruptcy was referred ordered the sale of the assets of the above bankrupts, realty developers, free and clear of the claims of several individuals who had paid deposits on the purchase price of certain lots of said developers and made other expenditures thereon. Those who had made these payments petitioned this Court to review this order of the referee, claiming they were entitled to liens on the lots in question superior to the title of the trustee in bankrupcy. Such is the issue.

The above potential purchasers had never filed their purchase contracts, as provided by the New Jersey statutes. N.J.S.A. 46:22–1. Consequently, their purchase contracts, otherwise entitling them to an equitable lien, were void as

to "subsequent judgment creditors without notice".

The trustee in bankruptcy, on the other hand, as of the time of the filing of the petition, has the status of a creditor with "a lien". Bankruptcy Act, § 70, sub. c, 11 U.S.C.A. Bankruptcy, § 110, sub. c.

■ Since a judgment creditor is a creditor holding a lien, the trustee holds the property in question free of the rights of the above purchasers, unless the trustee had actual notice of such rights. Petitioners claim the trustee did have such actual notice of their rights. They base this upon the fact that the bankrupt had attached to its voluntary bankruptcy petition a schedule which recited as to such petitioners "The above named persons are creditors who paid deposits against the purchase price of homes to be constructed by the debtor." Petitioners rely upon Re Golden Cruller & Doughnut Co., D.C.N.J.1925, 6 F.2d 1015, a conditional sales contract case, as upholding their contention.

■ However, this case, since its decision, has been expressly overruled by the case of In re Miller, D.C.N.J.1934, 6 F.Supp. 79, in which Chief Judge Forman holds, after a careful review of all the authorities, that a notation in the bankruptcy schedules as to the existence of a conditional sales contract did not constitute actual notice to the trustee, so as to subordinate his rights on behalf of all the creditors, to the claims of the conditional sale vendor, who had not filed his conditional sale, as required by the statute. In the Miller case the Court says "I cannot concur with the rationale of the decision in the Golden Cruller & Doughnut Company Case, supra", 6 F.Supp. at page 85. He concludes that it could not have been the intention of Congress to give a party, who has slept on his rights, such priority, as this would simply add confusion, by putting it within the power of the bankrupt to decide whether such a creditor should have priority or not. Miller is clearly in accord with the weight of authority. Re Youngs Cornell Utilities, D.C.N.Y.1937, 20 F.Supp. 381, 4 Collier, Bankruptcy, pages 1261, 1277 et seq.

Since the order of the referee was correct, the prayer of the petition will be denied.